█ MOSHE SHALTIEL et al., Respondents, v DANIEL WILDENSTEIN et al., Appellants. [733 NYS2d 400] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered March 29, 2001, which granted plaintiff's motion to confirm the Special Referee's report recommending that in personam jurisdiction be found over defendants, unanimously reversed, on the law, without costs, the motion denied and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint. Appeal from order, same court and Justice, entered January 19, 1999, which denied defendants' CPLR 3211 (a) (10) motion to dismiss the complaint, unanimously dismissed, without costs, as academic.

Plaintiff Moshe Shaltiel is a resident of Illinois. He is the sole beneficial owner of plaintiff World Enterprises Services, Inc., a Panamanian corporation. Defendant Daniel Wildenstein (Wildenstein) is a French national who resides in Switzerland, and is the president of defendant Wildenstein Institute (the

Institute), a not-for-profit entity organized as an association under French law, with no offices or operations in New York. Plaintiffs own a specific painting, purportedly a Modigliani artwork, which was consigned to a London auction house for sale at a public auction on June 23, 1997. On that day one Marc Restellini sent a fax to the auction house, apparently from the Wildenstein Institute's Paris office, stating that, in his view, the artwork was not a Modigliani painting, and, further, that it was not being included in a Modigliani catalogue being prepared by Restellini at the Wildenstein Institute. Plaintiffs claim that Restellini is an Institute employee, which defendants deny. After receiving the fax, the auction house withdrew the painting from the auction. Plaintiffs then commenced the present action against Wildenstein and the Institute sounding in tortious interference with contract.

Defendants moved to dismiss for, *inter alia,* lack of personal jurisdiction (CPLR 3211 [a] [8]) and for failure to join an indispensable party (CPLR 3211 [a] [10]), the latter apparently predicated on nonjoinder of Restellini. The motion court denied most branches of the motion and referred the jurisdictional issue to a Special Referee to hear and report. The Special Referee, noting that discovery had been supplied by a New York art gallery, Wildenstein & Co. (the Gallery), and that the gallery pays some expenses of the Institute, found the Gallery to be an alter ego of the Institute. The Special Referee also concluded that Wildenstein's non-compliance with aspects of discovery under color of the French "blocking statute" provided an equitable basis to subject the individual defendant to the court's jurisdiction. The court confirmed the report. We disagree.

There is an insufficient nexus with New York to subject the Institute to our jurisdiction. The evidence provided by plaintiffs is inadequate to justify disregarding the separate legal existence of the Institute and the Gallery. This evidence does not establish the complete domination of one entity by the other with respect to the transaction being challenged to justify piercing the veil, and that such domination was used to perpetrate a wrong against the plaintiff causing the plaintiff's injury (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141-142). There is no evidence that the Gallery abused the privilege of doing business in the corporate form to perpetrate the harm such as would invoke exercise of the court's equity jurisdiction (*id.*). Moreover, plaintiffs do not even allege any dealings with the Institute, but only allege harm caused by an alleged Institute employee communicating to a

third party. As such, nothing is alleged supporting any dealings between plaintiffs and the Institute, let alone the Gallery, such as would have led them to believe that the Institute would be subject to suit in New York. Nor do we find any basis for asserting jurisdiction over Wildenstein, a non-resident of New York, as a sanction for discovery non-compliance. In view of the voluminous discovery ultimately provided, plaintiffs do not demonstrate that, in fact, they were deprived of discovery. Moreover, there is no real connection between this action and the State of New York.

Accordingly, we dismiss for the lack of in personam jurisdiction over defendants. Concur—Tom, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.